UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

COLUMBIA DIVISION

| | |
|---|---|
| JOSE ROSILES-PEREZ, JESUS SANTIAGO-SALMORAN, and HECTOR ORTIZ-MORA on behalf of themselves and all others similarly situated, | Case No. 1:06-CV-0006 |
| | Judge William J. Haynes |
| | Magistrate Judge Juliet Griffin |
| Plaintiffs, | |
| | Second Amended Complaint -- Class Action |
| v. | |
| SUPERIOR FORESTRY SERVICE, INC., SCOTT BARSTOW, WILLIAM IOUP, ENRIQUE GONZALEZ, HECTOR SANTILLAN, and MANUEL MORALES-MARTINEZ | |
| Defendants. | |

**PRELIMINARY STATEMENT**

1.  This is an action brought by migrant agricultural workers admitted to the United States to work under the H-2B temporary foreign worker visa program. The Plaintiffs were employed in the forestry operations of the Defendants at various times during the period from January 2000 through the present. The named Plaintiffs seek redress on behalf of themselves and all others similarly situated for the Defendants' violations of their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 (1999) ("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1998) ("FLSA").

2.  This action is brought on behalf of a class of at least 2000 indigent migrant workers, predominantly from Mexico, who were brought by the Defendants to the United States

on temporary H-2B work visas (including "returning" H-2B visas, known as H-2R). The named Plaintiffs and other class members have planted pine trees, sprayed herbicides, and performed other forestry-related activities for the Defendants. The named Plaintiffs and class members left their homes and families and spent considerable money and effort to come to the United States, to perform arduous jobs that the Defendants certified that American workers were (and are) not willing to do. The named Plaintiffs and class members have made these sacrifices in an effort to better support their families in Mexico.

3. Almost all of the Plaintiffs and other class members are non-English speakers who have little, if any, understanding of their legal rights while working in the United States as forestry workers in the H-2B program - particularly their legal rights to receive a prevailing hourly wage and overtime pay. The Defendants took full advantage of the Plaintiffs' and other class members' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay the named Plaintiffs and other class members.

4. The named Plaintiffs, on behalf of themselves and members of a class they seek to be certified pursuant to Rule 23(b)(2) and (b)(3), seek restitution of unpaid wages, an award of money damages and/or statutory damages, declaratory relief, and injunctive relief to make them whole for damages they suffered, and continue to suffer, due to the Defendants' violations of law, and to ensure that they and other H-2B (and returning H-2B) workers will not be subjected by the Defendants to such illegal conduct in the future.

## JURISDICTION

5. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, 29 U.S.C. § 1854(a), this action arising under the AWPA, and 29 U.S.C. § 216(b), this action arising under the FLSA.

6. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C.§ 1391 (b); 28 U.S.C. § 1391(c) and 29 U.S.C. § 1854(a).

## PARTIES

8. At all times relevant to this action, the Plaintiffs and the other class members were temporary foreign workers within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b), working under H-2B or returning H-2B (H-2R) visas.

9. At all times relevant to this action, the Plaintiffs and the other class members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

10. Members of the Plaintiff class performed substantial agricultural work for the Defendants within this District.

11. At all times relevant to this action, the Plaintiffs and the other class members were engaged in agricultural employment for the Defendants within the meaning of 29 U.S.C. § 1802(3).

12. At all times relevant to this action the Plaintiffs and the other class members were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

13. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants within the meaning of 29 U.S.C. §203(g).

14. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in the production of goods for sale in interstate commerce.

15. Defendant Superior Forestry Service, Inc. is a for profit corporation, organized under the laws of Arkansas, which conducts business in this District.

16. At all times relevant to this action Defendant Superior Forestry Service, Inc. was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

17. At all times relevant to this action, Defendant Superior Forestry Service, Inc. employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

18. Defendant William Ioup is an individual resident of Arkansas who conducted significant business in this District.

19. At all times relevant to this action, Defendant William Ioup employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

4

20. Defendant Scott Barstow is an individual resident of Arkansas who conducted significant business in this District.

21. At all times relevant to this action, Defendant Scott Barstow employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

22. Defendant Enrique Gonzalez is an individual resident of Arkansas who conducted significant business in this District.

23. At all times relevant to this action, Defendant Enrique Gonzalez employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

24. Defendant Hector Santillan is an individual resident of Arkansas who conducted significant business in this District.

25. At all times relevant to this action, Defendant Hector Santillan employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

26. Defendant Manuel Morales-Martinez is an individual resident of Tlaxiaco, Oaxaca, Mexico who conducted significant business in this District.

27. At all times relevant to this action, Defendant Manuel Morales-Martinez employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

## STATEMENT OF FACTS

28. The Defendants operate a tree-planting service, in which they bid on and negotiate contracts to plant trees and perform other related tasks on land owned by other individuals and companies. To fill the manpower requirements of their contracts, the Defendants sought and continue to seek the importation of foreign nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

29. The Plaintiffs and other class members were admitted to the United States to be employed as members of labor crews organized by the Defendants. Each of the Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B" visa, as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance. (Returning workers who possessed an H-2B visa in any one of the three preceding fiscal years may have been issued visas known as "returning H-2B" or "H-2R" visas.) After being admitted to enter the U.S., the Plaintiffs and other class members were then employed by the Defendants in the United States pursuant to the H-2B visa program.

30. The Plaintiffs and other class members spent considerable sums of money to process their H-2B (and returning H-2B) work visas and travel from their home villages to the United States. These costs were incurred by the Plaintiffs for the primary benefit of their Defendant employers.

31. As a condition of obtaining H-2B and returning H-2B visas for the Plaintiffs and other class members, the Defendants certified to the United States Department of Labor that,

6

*inter alia*, the wages paid to the Plaintiffs and other class members would equal or exceed the applicable prevailing wage and that the job would not contravene Federal, State, or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations.

32. The Defendants did not provide adequate and accurate disclosures of information regarding the work and its details to the Plaintiffs.

33. The Defendants did not issue accurate and complete records of their employment to the Plaintiffs and other class members. The records that the Defendants kept and disclosed to Plaintiffs and other class members of their work were inadequate, inaccurate, false and misleading.

34. The Plaintiffs and other class members performed arduous tree planting and associated work for the Defendants. They regularly worked far in excess of 40 hours in a given work week.

35. The Defendants failed to pay the Plaintiffs and other class members the minimum wage for all the work they performed.

36. The Defendants failed to pay the Plaintiffs and other members of the class the proper prevailing wage for all the work they performed.

37. The Defendants failed to pay the Plaintiffs and other class members overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

38. The Defendants failed to pay the Plaintiffs and other class members the production wages that were promised to them in the Defendants' applications for the certification

7

of foreign labor, and in written disclosures routinely provided to them, and otherwise violated the parties' working arrangement promising payment of the higher of the prevailing wage and a piece rate for every actual tree correctly planted by each individual tree planter.

## CLASS ACTION ALLEGATIONS

39. The claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. The named Plaintiffs seek to represent a class of non-supervisory workers admitted as temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b). The class is defined as all non-supervisory workers admitted as temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b) who were employed by the Defendants in their forestry operations at any time from January 2000 through the present. Plaintiffs seek certification of this class pursuant to Rule 23(b)(2), to secure injunctive and other equitable relief, and monetary and/or statutory damages incidental to the equitable remedies, and Rule 23(b)(3), to recover further monetary relief.

41. The precise number of individuals in the class is known only to the Defendants; however, payroll and personnel data sets produced by the Defendants since the filing of the original Complaint reflect a class size of at least 2000 individuals. The class is comprised of indigent migrant farmworkers who maintain their residences predominantly in locations in the rural southern and other, scattered regions of Mexico, and in Guatemala. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class

members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all class members is impracticable.

42. There are questions of fact and law common to the class. These common questions include but are not limited to:

(a) whether the Defendants failed to pay the named Plaintiffs and class members their statutory minimum, prevailing and overtime wages, and their promised piece rate wages in violation of their employment contracts and AWPA's wage payment and working arrangement provisions;

(b) whether the named Plaintiffs and class members are entitled to the restitution of their unpaid wages, statutory damages and/or declaratory and injunctive relief for these violations;

(c) whether the Defendants' recordkeeping and payroll systems used for the calculation of the named Plaintiffs' and class members' piece rate wages are false, deceptive and misleading and violate the AWPA's information sharing and working arrangement provisions, and should be enjoined;

(d) whether the Defendants failed to maintain complete and accurate records of the named Plaintiffs' and class members' work hours and hourly and piece rate wages, in violation of the AWPA;

(e) whether the Defendants failed to provide to the named Plaintiffs and class members complete and accurate statements of their work hours, hourly and piece rate wages and other information that the AWPA requires to be completely and accurately disclosed;

(f) whether the Defendants made false and misleading statements to the named Plaintiffs and class members about their work hours and hourly and piece rate wages, in violation of the AWPA;

(g) whether the named Plaintiffs' and class members' payments for their visas, transportation and related expenses that they incurred in order to work for the Defendants as temporary foreign workers were primarily for the benefit of the Defendant employers;

(h) whether the AWPA prohibits *de facto* wage deductions that reduce the wages paid to temporary foreign workers below the prevailing wage;

(i) whether Defendants can use cash loans offered to the named Plaintiffs and class members after their arrival in the United States to meet their minimum and prevailing wage obligations in the first payroll period, even though the Defendants treated the payments as encumbrances on future wages and deducted them from subsequent pay checks;

(j) whether the Defendants' violations of the AWPA were intentional.

43. The claims of the named Plaintiffs are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs, who worked as H-2B workers in the defendant's forestry operations during the relevant time period, have the same interests as other class members and will vigorously prosecute these interests on behalf of the class.

44. Counsel for the Plaintiffs have handled numerous AWPA and FLSA actions in the federal courts. They are prepared to, and have already, advanced litigation costs necessary to vigorously litigate this action.

10

45. Plaintiffs' claims in Count I meet the requirements for class certification under Rule 23(b)(2), because as described in the original and this First Amended Complaint, the Defendants have acted and refused to act on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Plaintiffs seek equitable relief that includes but is not limited to:

(a) a declaration that the Defendants' piece-rate payment system violates the parties' working arrangement, a final injunction prohibiting its operation, and an award of statutory and/or other monetary relief incidental to the injunction;

(b) a final injunction prohibiting false and misleading statements to the Defendants' tree planters about the calculation and amount of their piece rate wages, ordering the Defendants to provide complete and truthful written wage statements, and an award of statutory damages incidental to the injunction;

(c) a declaration that the Defendants are the primary beneficiaries of their temporary foreign workers' visas, transportation and related costs and that the Defendants must take into account *de facto* wage deductions resulting from the workers' payment of these costs in calculating the required prevailing and minimum wages during the first payroll period;

(d) a final injunction requiring the Defendants to reimburse their temporary foreign workers for the costs of their visas, transportation and related expenses to the extent that the *de facto* deductions resulting from their payment of these costs cut into the required prevailing and minimum wages during the first payroll period;

(e) the restitution of unpaid back wages resulting from the *de facto* wage deductions, calculated using a common formula applicable to each individual member of the class;

11

(f) a declaration that cash loans offered to the named Plaintiffs and class members that encumber future wages cannot be used to satisfy minimum or prevailing wage obligations in the first payroll period.

46. Plaintiffs' claims in Count I meet the requirements for class certification pursuant to Rule 23(b)(3) because, as is evident from the facts described in the original and this First Amended Complaint, and from issues raised and briefed by the parties in various pleadings already on file, the numerous common issues of fact and law predominate over any questions affecting only individual class members, and a class action is superior to other available methods of adjudicating this controversy, in that, *inter alia*:

- The named Plaintiffs and other class members are indigent, migrant workers, unaware of their legal rights in the United States, and except through the appointment and representation of class counsel, lack the means or resources to seek legal redress;

- The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

- There has been no litigation already commenced against the Defendants by the members of the class to determine the questions presented;

- It is desirable that the claims be heard in this forum, since Defendants have significant contacts with this District and are subject to the jurisdiction of the U.S. District Court; the laws being invoked are the statutory and common laws of the

United States, which are best interpreted by a federal Court of the United States (and not by a court in Mexico or Guatemala);

- A class action can be managed without undue difficulty since the Defendants have regularly committed and continue to commit the violations complained of herein, and are required to maintain detailed records concerning the wages and working hours of each member of the class. The claims alleged arise from the Defendants' common payroll, wage payment and recordkeeping systems applicable to each member of the class regardless of crew assignment;

- The claims of the named Plaintiffs and class members are based on common legal theories, and Plaintiffs will use common evidence to establish liability and damages;

- Defendants have asserted multiple, classwide defenses to Plaintiffs' claims, and the defenses will be determined as to the class as a whole.

47. Through their claims asserted as a class action pursuant to Rule 23(b)(3), Plaintiffs seek the restitution of unpaid wages and/or statutory damages that are not incidental to a final injunction.

48. Pursuant to Rule 23(c)(2)(A-B), Plaintiffs request that notice be sent to the class of all claims in Count I, whether certified under subsection (b)(2) or (b)(3) of Rule 23.

# COUNT I

# MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

# (CLASS ACTION)

49. This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief and injunctive relief and the restitution of unpaid wages and/or statutory damages with respect to the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

50. The Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 48 above.

51. The certifications described in paragraph 31 above constituted a working arrangement between the Defendants and the Plaintiffs and other class members within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

52. The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed, and failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

53. The violations of the AWPA as set out in paragraph 52 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the prevailing and overtime wage.

54. The violations of the AWPA as set out in paragraph 52 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the class for expenses

14

they incurred which were primarily for the benefit of the Defendants, as well as the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and the other class members.

55. The Defendants knowingly provided false and misleading information to the Plaintiffs and other members of the class, regarding the terms and conditions of their employment, in violation of AWPA 29 U.S.C. §1821(f); 29 C.F.R. §500.77. These violations resulted in part from the Defendants' intentional and knowing operation of a piece-rate computation and payment system that denied the Plaintiffs and other class members compensation for every 1000 trees that they individually and correctly planted, as promised in the parties' working arrangement.

56. By their actions as described in paragraphs 52-55, the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

57. By their actions as described in paragraphs , the Defendants failed to pay the Plaintiffs and other members of the class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

58. The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

59. The Defendants failed to provide to the Plaintiffs and the other class members complete and accurate itemized written statements for each pay period containing the required

15

information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

60. The Defendants knowingly made false and misleading statements to the Plaintiffs and other class members about their wages, piece rates, and other terms and conditions of employment, in violation of the AWPA, 29 U.S.C. § 1821(f) and its attendant regulations, 29 C.F.R. § 500.77.

61. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

62. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered, and continue to suffer, damages.

## COUNT II

## FAIR LABOR STANDARDS ACT

## (COLLECTIVE ACTION)

63. This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). This count is stated by the Plaintiffs and other current or former H-2B (and returning H-2B) temporary foreign workers employed by the Defendants who are similarly situated.

64. The Plaintiffs re-allege and incorporate by reference the allegations set forth above.

65. Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs have consented in writing to be party plaintiffs in this FLSA action. The written consents of the original named Plaintiffs were attached to the original Complaint, and numerous additional consents of similarly situated Plaintiffs were subsequently filed.

66. The Defendants violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

67. The Defendants violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty (40) hours in each workweek.

68. The violations of the FLSA set out in paragraphs 66 and 67 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual pay period wages to a rate equal to or exceeding the minimum and overtime wage.

69. The violations of the FLSA set out in paragraphs 66 and 67 resulted, in part, from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for expenses the workers incurred which were primarily for the benefit of the Defendants.

70. The violations of the FLSA set out in paragraphs 66 and 67 resulted, in part, from the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

71. The Defendants' failures to pay the Plaintiffs and others similarly situated the federally mandated hourly minimum wage and the federally mandated overtime wage rate, for all time they were employed in excess of forty (40) in a workweek, were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. As a consequence of the Defendants' violations of the FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1. Certifying this case as a class action in accordance with Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

2. With respect to the claims set forth in Count II, conditionally certifying this case as a collective action.

3. Declaring that the Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Count I;

4. Declaring that the Defendants willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act, as set forth in Count II;

5. Granting judgment in favor of the Plaintiffs and the other class members and against the Defendants on these Plaintiffs' and other class members' claims under the AWPA as set forth in Count I and awarding each of the Plaintiffs and the other class members actual or statutory damages for each violation of the AWPA, whichever is greater;

6. Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

7. Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

8. Awarding the Plaintiffs the costs of this action;

9. Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b); and

10. Granting such further relief as is just and equitable.

> Respectfully submitted,
>
> /s Marni Willenson
> One of the Attorneys for Plaintiffs
> *Pro Hac Vice*
> Farmworker Justice
> 4064 North Lincoln Ave., #359
> Chicago, IL 60618
> Telephone: 312-546-4137
> Fax: 312-261-9977

Mary C. Bauer
James M. Knoepp
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
233 Peachtree Street, Ste. 2150
Atlanta, GA  30303
Telephone: 404 521-6700
Fax: 404 221-5857

Andrew Turner
*Pro Hac Vice*

19

Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
Telephone: 334 956-8200
Fax: 334 956-8481

Tim A. Freilich
*Pro Hac Vice*
Legal Aid Justice Center
1000 Preston Ave., Ste. A
Charlottesville, VA 22903
Telephone: 434 977-0553
Fax: 434 977-0558

Joshua Karsh
*Pro Hac Vice*
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
Telephone:  312 580-0100
Fax: 312 580-1994

Richard L. Tennent
Tenn. Bar No. 16931
Bank of America Plaza
414 Union Street, Suite 904
Nashville, TN 37219
Telephone: 615 244-1110
Fax: 615 244-1114

Attorneys for Plaintiffs